UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NUMBER: 3:19cr303 (SRU)** |
| v. | : | |
| **SIMON HESSLER** | : | **July 29, 2020** |

## Government's Response to Defendant's Motion to Proceed with Sentencing via Video Teleconferencing

On December 11, 2019, the defendant waived indictment and pled guilty to Count 1 of an Information charging him with a production of child pornography in violation of Title 18, United States Code, Section 2251(a). Sentencing was initially scheduled for March 4, 2020. After two continuances due, in large part, to the public health crises presented by COVID-19, sentencing is scheduled to proceed on August 5, 2020.

On July 28, 2020, the defendant filed a motion to proceed with sentencing via video teleconferencing ("VTC") citing public health concerns and fear of abuse during prison transport. [Doc. No. 27]. The Government contacted the mother of the Minor Victim[1] to advise her of the possibility that sentencing may proceed by VTC. The Government files this response to advise the Court of the Minor Victim's Mother's opposition to a sentencing by VTC.

---

[1] The Minor Victim is under the age of 18. Accordingly, the Minor Victim's mother may assert the crime victim's rights under the CVRA. 18 U.S.C. § 3771(e)(1)(B); Fed. R. Crim. P. 60(b)(2).

1

**Discussion**

The Crime Victim's Rights Act ("CVRA"), codified at 18 U.S.C. § 3771, applies to all victims in federal criminal prosecutions. The following provisions of the CVRA are applicable to this case:

- a crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving… sentencing….." 18 U.S.C. § 3771(a)(4); see also Fed. R. Crim. P. 60(a)(3).
- A crime victim has the right to be treated with fairness. 18 U.S.C. § 3771(a)(8).

It is the duty of the federal prosecutor to make her best efforts to ensure compliance with the CVRA. Accordingly, I respectfully advise the Court that, in asserting her right to be heard, the minor victim's mother requests to be physically present in the courtroom for the proceedings along with the defendant. In particular, the minor victim's mother stated that she wants to have the opportunity to read her victim impact statement in the same room as the defendant. She expressed her view that the VTC is inadequate and that a proceeding by VTC, without the opportunity to be fully seen by the defendant and the opportunity to fully see him, may leave her without closure.

The Government understands that, in consideration of the current public health crisis, the Second Circuit recently held that a victim's right to be "reasonably heard" may be satisfied without the victim's physical presence in the courtroom. *In re Jane Doe,* 20-1251 (2d. Cir. April 21, 2020) (attached as Exh. A) (denying writ of mandamus because it was not an abuse of discretion for the court to proceed with sentencing despite the minor victim's desire to attend the sentencing in person where the court provided the option to appear telephonically or by

video conference). However, the Government files this response to ensure the Court is aware of the Minor Victim's Mother's request to appear in-person along with the defendant.

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY

        *Nancy V. Gifford*
        _____
        NANCY V. GIFFORD
        ASSISTANT UNITED STATES ATTORNEY
        Fed. Bar. No. ct16324
        Office of the U.S. Attorney
        450 Main Street, Room 328
        Hartford, CT 06103
        860-947-1101

## CERTIFICATION

     I hereby certify that on July 29, 2020, the foregoing Response to the Defendant's Motion to Proceed with Sentencing by VTC was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*Nancy V. Gifford*
_____
Nancy V. Gifford
Assistant U.S. Attorney