W.D.N.Y.
19-cr-74
Geraci, C.J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty.

Present:
Debra Ann Livingston,
Raymond J. Lohier, Jr.,
William J. Nardini,
*Circuit Judges*.

---

In Re: Jane Doe, 20-1251

*Petitioner*.

---

Petitioner has filed a petition for a writ of mandamus pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(d)(3), to compel the district court to adjourn Guillermo Torres-Acevedo's sentencing until June 30, 2020, or sooner if the COVID-19 emergency ends. Petitioner also moves for an emergency stay of Torres-Acevedo's April 16 sentencing date. Upon due consideration, it is hereby ORDERED that the mandamus petition is DENIED and the motion to stay the sentencing is DENIED as moot.

We review the district court's decision for abuse of discretion. *See* 18 U.S.C. § 3771(d)(3) (court of appeals shall apply "ordinary standards of appellate review"); *In re Rendon Galvis*, 564 F.3d 170, 174 (2d Cir. 2009) (Court "reviews a district court's determination under the CVRA for abuse of discretion"); *In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 563 (2d Cir. 2005); *United States v. Beverly*, 5 F.3d 633, 641 (2d Cir. 1993) (holding that "[a] trial judge has broad discretion in regulating the timetable for trial" and "will not be reversed absent an abuse of discretion"). "A district court abuses its discretion when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *United States v. Vayner*, 769 F.3d 125, 129 (2d Cir. 2014) (quoting *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013)).

The CVRA confers several rights upon crime victims, including, as relevant here, "[t]he right not to be excluded from any . . . public court proceeding . . ."; "[t]he right to be reasonably heard at

any public proceeding in the district court involving . . . sentencing"; and "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(3), (4), (8). Additionally, child victims "testifying at or attending a judicial proceeding" have the right to be accompanied by an "adult attendant" to provide emotional support. 18 U.S.C. § 3509(i).

We are mindful of Doe's desire to attend Torres-Acevedo's sentencing in person with her mother and grandmother, but we perceive no abuse of discretion in the district court's decision to deny a third adjournment of the sentencing. The district court did not exclude Doe, her mother, or her grandmother from attending the sentencing, and it provided the option to appear telephonically or by video conference to allay concerns about traveling during the current pandemic. We believe, under the circumstances, that these options satisfy the district court's obligation to ensure that Doe is "reasonably heard." 18 U.S.C. § 3771(a)(4). The district court's ruling was thus not outside the "range of permissible decisions" and not an abuse of discretion. *See Vayner*, 769 F.3d at 129 (quoting *Porter*, 722 F.3d at 97).

Accordingly, the request for a writ of mandamus to compel the district court to adjourn Torres-Acevedo's sentencing is DENIED. The motion to stay the sentencing that had been scheduled for April 16 is DENIED AS MOOT because the sentencing has been rescheduled for May 21.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

UNITED STATES SECOND CIRCUIT COURT OF APPEALS